IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID T. MOORE § | | |
| (TDCJ No. 1165885), § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:19-cv-1379-L-BN | |
| § | | |
| TDCJ, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff David T. Moore, a Texas prisoner, filed a *pro se* civil rights complaint concerning his incarceration at various Texas Department of Criminal Justice ("TDCJ") facilities, highlighting events from December 13, 2003 through February 9, 2017. *See* Dkt. No. 3. His action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under 28 U.S.C. § 1406(a).

**Legal Standards and Analysis**

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no

district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

The events alleged by Moore occurred at TDCJ facilities throughout the State: the Michael Unit, in Anderson County, within the Tyler Division of the Eastern District of Texas, *see id.*, § 124(c)(1); the Robertson Unit, in Jones County, within the Abilene Division of this district, *see id.*, § 124(a)(3); the Telford Unit, in Bowie County, within the Texarkana Division of the Eastern District of Texas, *see id.*, § 124(c)(5); the Scott Unit, in Brazoria County, within the Galveston Division of the Southern District of Texas, *see id.*, § 124(b)(1); and the Luther and Pack Units, both in Grimes County, within the Houston Division of the Southern District of Texas, *see id.*, § 124(b)(2). None of these facilities are within the Dallas Division of this district.

And, "[w]hen venue is challenged," *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) – or, like now, when a district court raises the issue of venue *sua sponte*, *see, e.g., Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) –

> the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a). ... [But a] case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or [Federal Rule of Civil Procedure] 12(b)(3).

*Atl. Marine Constr.*, 571 U.S. at 56.

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

interest of justice, transfer such case to any district or division in which it could have been brought." And it

> allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. [*Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).] The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. *See Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985).... [A] division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. *Id.*

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

"The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006); *see also Carter v. H2R Restaurant Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2016 WL 4507459, at *4 (N.D. Tex. July 15, 2016) ("[C]ourts have consistently understood that they have broad discretion in deciding whether to transfer or dismiss a case based on improper venue." (collecting cases)), *rec. accepted*, 2016 WL 4494370 (N.D. Tex. Aug. 26, 2016).

Here, the interest of justice compels that the Court dismiss Moore's case without prejudice under Section 1406. First, not only is venue improper in the Dallas Division

of this district, but Moore's claims – against defendants spread out over the State and spanning more than 13 years – are misjoined.

> [U]nder [Federal Rule of Civil Procedure] 20(a)(2), parties may be joined as defendants if the plaintiff asserts a claim against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." A district court has discretion under Rule 20(a) to control the scope of a lawsuit by limiting the number of defendants a plaintiff may hail into court in a particular case. *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969). In addition, "the creative joinder of actions" by prisoner plaintiffs to avoid the strictures of the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, §§ 804-05, 110 Stat. 1321, 1321-73 to -75 (2006) (codified in relevant part at 28 U.S.C. §§ 1915, 1915A), should be discouraged. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

*Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010) (per curiam); *see also Johnson v. Holt*, No. 1:13-CV-1866, 2015 WL 672127, at *22-*23 (M.D. Pa. Feb. 17, 2015) ("Without some further articulation of a unifying theme or thread between these claims, the joinder of these plainly divergent claims in a single lawsuit is inappropriate under Rule 20 of the Federal Rules of Civil Procedure, the rule governing joinder of defendants in federal litigation.... In this case, it cannot be said from the amended complaint that these remaining allegations arise out of the same transaction, occurrence or series of transactions or occurrences. Quite the contrary, these episodes appear to be separate transactions, allegedly committed by different actors at divergent times and places. '[G]iven the hodgepodge of claims raised in the ... complaint,' this Court may properly, in the exercise of its discretion, dismiss this amended complaint, and require Johnson to file separate complaints relating to what seem to be factually distinct claims."

(quoting *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 77 (3d Cir. 2011) (per curiam))).

Particularly in light of the PLRA, the Court should not condone Moore's "creative joinder of actions." *Tuft*, 397 F. App'x at 61; *cf. Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (per curiam) (one's "status as a pro se litigant [does] not relieve him of the obligation to comply with Rule 20(a)" (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007))).

Further, it is very likely that many – if not all – of Moore's claims against the misjoined defendants are time-barred. Claims under Section 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is ... two years." (citations omitted)); *see also Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam) ("[O]ur cases have consistently held that '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.'" (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001))). And, while the applicable two-year limitations period for this action is borrowed from Texas law, courts "determine the accrual date of a § 1983 action by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area*

*Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997); internal quotation marks omitted). And the United States Court of Appeals for the Fifth Circuit has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Piotrowski*, 237 F.3d at 576); *see also Shelby*, 577 F. App'x at 331-32 ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989))).

For these reasons, the interest of justice does not require that the Court sever Moore's various (and likely time-barred) claims and transfer each to the proper division in the proper federal district. Instead, the Court should dismiss this action without prejudice to Moore doing the same, if he so chooses.

## Recommendation

The Court should dismiss this action without prejudice under 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 12, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE